IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KAMILLA DENISE LONDON,          )
                                )
            Plaintiff,          )
                                )
      v.                        )   C.A. No. 19-559 (MN)
                                )
OFFICER BRETT EVANS, et al.,    )
                                )
            Defendants.         )

**MEMORANDUM OPINION**

Kamilla Denise London, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

June 27, 2019
Wilmington, Delaware

NOREIKA, U.S. District Judge:

I.  **INTRODUCTION**

Plaintiff Kamilla Denise London ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, 7). She has filed a motion to amend pleading and a motion for an extension of time to amend her pleadings. (D.I. 4, 9). The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II. **BACKGROUND**

Plaintiff is a transgender woman. She submitted a grievance against Defendant Officer Brett Evans ("Evans") claiming that Evans had violated her right to privacy. (D.I. 2 at 5). The day before she submitted the grievance, Plaintiff spoke to her building supervisor and area lieutenant about the incident and expressed her concerns that Evans would retaliate "to get back at Plaintiff for [her] grievance against Defendant Evans." (*Id.*). Approximately one week later Evans told Plaintiff that he was going to "get [her] back for snitching on me." (*Id.*).

Four days after Evans threatened retaliation, Defendant Lt. Justin Atherholt ("Atherholt") berated Plaintiff about her state ID and asked Plaintiff why she had submitted a grievance against Evans. (*Id.*). Atherholt told Plaintiff that she should not have submitted the grievance and that she had "just caused problems for yourself. You gotta remember that your kind is hated here." (*Id.*). Atherholt told Plaintiff to "get out." (*Id.*). Plaintiff alleges that she took Atherholt's words

---

[1]  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

as a threat and that Plaintiff would face some sort of retaliation. (*Id*.). Plaintiff submitted a second grievance. (*Id*.).

On March 18, 2019, Evans filed charges against Plaintiff for sexual misconduct and other offenses after Plaintiff hugged and kissed her biological brother. (*Id*. at 7). Evans had told Plaintiff that he was going to write her up. (*Id*.). Plaintiff alleges that Evans made several misrepresentations regarding the events that led to the charges. (*Id*.).

One hour later Plaintiff was called out by Atherholt to receive a formal copy of the charge and for a preliminary hearing on the charges. (*Id*.). Following a verbal exchange, Plaintiff told Atherholt that she was not going through with the hearing because of Atherholt's disrespect and inappropriate comments and Atherholt told Plaintiff that if she did not sign the writeup he would "tack on more charges for being uncooperative." (*Id*.). Plaintiff alleges that due to the threat she signed the write-up. (*Id*.).

Plaintiff alleges that Defendants Warden Dana Metzger ("Metzger"), Bureau Chief Shane Troxler ("Troxler"), and Commissioner Perry Phelps ("Phelps") "are at partial fault here for maintaining policies and practices which led up to this incident, as well as for maintaining and enforcing disciplinary charges that are unconstitutionally overbroad, vague, and ambiguous." (*Id.* at 8).

Plaintiff seeks injunctive relief and compensatory damages. (*Id*. at 9).

III.  **LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C.

2

§ 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Respondeat Superior/Personal Involvement

Named defendants include Metzger, Troxler, and Phelps, all of whom are supervisory officials. The allegations against these Defendants are conclusory and contain no factual basis to support the claims. It appears they have been named as defendants based upon their supervisory positions.

Liability in a 42 U.S.C. § 1983 action is personal in nature, and to be liable, a defendant must have been personally involved in the wrongful conduct. That is to say, defendants are "liable only for their own unconstitutional conduct." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S.Ct. 2042 (2015). Hence, respondeat superior cannot form the basis of liability. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *see also Alexander v. Forr*, 297 F. App'x 102, 104-05 (3d Cir. 2008) (constitutional deprivation cannot be premised merely on the fact that the defendant was a prison supervisor when the incidents set forth in the complaint occurred). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"'[T]here are two theories of supervisory liability, one under which supervisors can be liable if they established and maintained a policy, practice or custom which directly caused the constitutional harm, and another under which they can be liable if they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations.'" *Parkell v. Danberg*, 833 F.3d 313, 331 (3d Cir. 2016) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 129 n.5 (3d Cir. 2010)).

Even when liberally construing the Complaint, it fails to allege facts that, if proven, would show personal involvement by Metzger, Troxler, and Phelps. Nor are there allegations that the foregoing Defendants personally directed or knew of and acquiesced in any alleged constitutional violation. *See Evancho*, 423 F.3d at 353-54. Absent any allegation of personal involvement, Plaintiff's § 1983 claims against Metzger, Troxler, and Phelps cannot stand. The claims against are frivolous and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### B. Disciplinary Report

Plaintiff alleges that the disciplinary report filed by Evans contained several misrepresentations. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). Plaintiff does not allege that she was denied a hearing. Therefore, to the extent she asserts a due process violation against Evans it will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

### C. Threats

Plaintiff alleges that Atherholt threatened her on at least two occasions. Regardless of how serious the threat, Plaintiff cannot state a claim that her constitutional rights were violated based upon allegations of only verbal threats or harassments. *See Dunbar v. Barone*, 487 F. App'x 721, 723 (3d Cir. 2012); *Young v. Medden*, 2006 WL 456274, at *22 (E.D. Pa. Feb. 23, 2006) ("verbal harassment or threats, standing alone, do not state a constitutional violation."); *Quiero v. Muniz*, 2015 WL 13738994, at *5 (M.D. Pa. Aug. 3, 2015) ("Allegations of verbal abuse or threats, unaccompanied by injury or damage, are not cognizable under § 1983, regardless of whether the

6

inmate is a pretrial detainee or sentenced prisoner."); *Prisoners' Legal Ass'n v. Roberson*, 822 F. Supp. 185, 189 (D.N.J. 1993) (verbal harassment does not violate inmate's constitutional rights).

Plaintiff's claims of verbal abuse are not cognizable under § 1983 and, therefore, they will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1).

**D.      Retaliation**

Plaintiff alleges she was subjected to retaliation in the form of a disciplinary report filed by Evans after Plaintiff submitted a grievance complaining of Evans' conduct. While not clear, Plaintiff seems to allege that she was also subjected to retaliation by Atherholt.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires Plaintiff to demonstrate that: (1) she engaged in protected activity; (2) she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

As pled, the Complaint fails to state a retaliation claim against Atherholt. Conversely, Plaintiff has adequately stated a retaliation claim against Evans. Therefore, Plaintiff will be allowed to proceed against Evans and the Court will dismiss the retaliation claim against Atherholt as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1).

7

## V. MOTION TO AMEND AND MOTION FOR EXTENSION OF TIME

Plaintiff filed her Complaint and at the same time filed a motion to amend her Complaint. (D.I. 2, 4). It is not necessary for Plaintiff to seek leave to amend. *See* Fed. R. Civ. P. 15(a). Therefore, the motion will be denied. One month after Plaintiff filed the motion to amend, she filed a motion for an extension of time to amend. Again, the motion was unnecessary and it will be denied. *See id*.

## VI. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion to amend and motion for an extension of time to amend. (D.I. 4, 9); (2) dismiss Defendants Atherholt, Metzger, Troxler, and Phelps and the claims against them as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1); and (3) allow Plaintiff to proceed with her retaliation claim against Evans.

An appropriate Order will be entered.