IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KAMILLA DENISE LONDON,          )
                                )
            Plaintiff,          )
                                )
      v.                        )   C.A. No. 19-559 (MN)
                                )
OFFICER BRETT EVANS, et al.,    )
                                )
            Defendants.         )

**<u>MEMORANDUM OPINION</u>**

Kamilla Denise London, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se* Plaintiff.

November 5, 2019
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

I.  **INTRODUCTION**

Plaintiff Kamilla Denise London ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5, D.I. 7). The Court screened the original complaint and dismissed several defendants. (D.I. 13, D.I. 14). Plaintiff filed an Amended Complaint alleging violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as well as supplemental state claims. (D.I. 18). The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

II.  **BACKGROUND**

On June 27, 2019, the Court screened the original complaint and dismissed Defendants Lt. Justin Atherhold ("Atherhold"), Warden Dana Metzger ("Metzger"), Shane Troxler ("Troxler"), and Commissioner Perry Phelps ("Phelps"). (D.I. 13, D.I. 14). The Court determined that the original Complaint stated what appeared to be a cognizable retaliation claim against Defendant Office Brett Evans ("Evans") and a Service Order issued. (D.I. 14). On July 8, 2019, Plaintiff filed an Amended Complaint that was not dated or signed and, the next day, Plaintiff was advised of the deficiency. (D.I. 15, D.I. 16).

Plaintiff resubmitted a signed, dated Amended Complaint on July 16, 2019. (D.I. 18). The Amended Complaint contains many of the same claims, attempts to reinstate Atherhold, Metzger, Troxler, and Phelps, and adds Defendants William Howard ("Howard"), Matthew Stevenson

---

[1]  When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

("Stevenson") and John Doe ("Doe"). (D.I. 18). The Amended Complaint states that it incorporates the original Complaint.[2] (D.I. 18 ¶ 108). On September 25, 2019, Evans filed his waiver of service of summons executed. (D.I. 20).

Plaintiff alleges violations of the ADA because she is a transgender person diagnosed with gender dysphoria and other serious mental health conditions that are recognized by the ADA. (D.I. 18 ¶ 2). The Amended Complaint also appears to add new retaliation claims but, because the allegations either do not name the individual(s) engaged in retaliatory conduct, do not provide dates when the retaliation occurred, or refer to claims previously settled by Plaintiff, it simply is not clear. (D.I. 18 ¶¶ 52-57).

The Amended Complaint alleges that in November 2018, Howard refused to use the female pronoun when directly referring to Plaintiff and, when Plaintiff asked Howard to follow policy on how to address her, he "became incensed" and filed a false incident report against Plaintiff. (*Id*. ¶¶ 58-61 and pp. 22-23). A hearing officer dismissed the charges and found Plaintiff "not guilty." (*Id*. ¶¶ 64-65 and p. 23). Plaintiff filed a grievance and asked that Howard be disciplined for filing a false report and retaliation and was told the matter would be investigated. (*Id*. ¶¶ 63, 66-67). Plaintiff wrote "all the way up to the Commissioner of DOC grieving" Howard's misconduct, and alleges "no responses were received." (*Id*. ¶ 67).

The Amended Complaint also adds more detail to the retaliation claim against Evans. (*Id*. ¶¶ 70-80). The Amended Complaint adds Doe based upon statements made by Sergeant Nye ("Nye") on March 22, 2019, that someone called and told him that Evans needed to add sexual misconduct to the March 18, 2019 write-up he gave to Plaintiff. (*Id*. ¶¶ 79-82 and pp. 24-26).

---

[2] The allegations in the original Complaint are fully set forth in the Court's June 27, 2019 Memorandum Opinion. (*See* D.I. 13).

Plaintiff alleges that Doe's actions make him complicit in Evans' retaliation against Plaintiff. (*Id*. ¶ 83).

On April 9, 2019, Plaintiff appeared at a disciplinary hearing before hearing officer Stevenson to answer the charges filed by Evans. (*Id*. ¶ 88). Plaintiff alleges that the hearing was not held in a timely manner and that Stevenson was "extremely biased, refused to produce evidence, and did not allow Plaintiff to have her mental health advocate present at the hearing." (*Id*. ¶¶ 90-91). Plaintiff alleges that Stevenson stated, "No matter what you say, I'm finding you guilty." (*Id*. ¶ 91). Plaintiff was found guilty and sanctioned to five days LOAP (*i.e*., loss of all privileges). (*Id*. at 25). Plaintiff appealed the conviction, her appeal was granted, and the hearing officer's decision was reversed. (*Id*. ¶¶ 93-95 and p. 26).

On April 28, 2019, Plaintiff was again charged with sexual misconduct. (*Id.* ¶¶ 96-97). Plaintiff alleges the charge is a continuation of retaliatory conduct. (*Id*. ¶ 98). The Amended Complaint does not provide the name of the person who gave Plaintiff the incident report, but describes witnesses to the sexual misconduct as a group of officers who are close "buddies" with Evans and interact with him during daily shift changes. (*Id*. ¶ 104). Plaintiff was transferred to administrative segregation and Stevenson found Plaintiff guilty of the offense. (*Id*. ¶ 99). The Amended Complaint does not indicate what, if any, sanction Plaintiff received or whether Plaintiff remains housed in administrative segregation. Plaintiff appealed. (*Id*. ¶ 100). The Amended Complaint does not provide the outcome of the appeal.

Plaintiff seeks injunctive relief and compensatory damages. (*Id*. at 9).

### III. <u>LEGAL STANDARDS</u>

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state

a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening

provisions of 28 U.S.C. §§ 1915 and 1915A, however, the Court must grant a plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016); *see also Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-

specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

   A. **Renamed, Reinstated Defendants**

Renamed defendants include Metzger, Troxler, and Phelps, all of whom are supervisory officials, as well as Atherhold who does not appear to hold a supervisory position. The foregoing defendants are dismissed for the same reasons set forth in the Court's June 27, 2019. (*See* D.I. 13 ¶¶ IV.A., IV.C.). Similar to the original Complaint, the allegations in the Amended Complaint against these Defendants are conclusory and contain no factual basis to support the claims. It appears that most of these defendants have been named based upon their supervisory positions. At most, Plaintiff alleges that supervisory officials did not respond to letters she wrote to them. None of the allegations directed towards these Defendants, however, rise to the level of constitutional violations.

The foregoing Defendants and the claims against them are dismissed for the reasons set forth in the June 27, 2019, Memorandum Opinion and Order.

   B. **Disciplinary Report**

Plaintiff alleges that she received false disciplinary reports from Evans with help from Doe, Howard, and other unnamed individuals. The filing of false disciplinary charges does not constitute a claim under § 1983 so long as the inmate was granted a hearing and an opportunity to rebut the charges. *Crosby v. Piazza*, 465 F. App'x 168, 172 (3d Cir. 2012) (citing *Smith v. Mensinger*, 293 F.3d 641, 653-54 (3d Cir. 2002). The allegations indicate Plaintiff was afforded disciplinary hearings. Notably, at one hearing the disciplinary report was dismissed and, on appeal, a finding of guilt was reversed.

Accordingly, to the extent Plaintiff asserts a due process violation based upon false disciplinary reports, the claims against Evans, Howard, and Doe will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**C.     Retaliation**

Plaintiff alleges she was subjected to retaliation when she received disciplinary reports from Howard when Plaintiff corrected Howard on the way he addressed Plaintiff. Plaintiff submitted grievances complaining of Howard's actions after she received Howard's disciplinary report.

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under § 1983." *White v. Napoleon*, 897 F.2d 103, 111-12 (3d Cir. 1990). It has long been established that the First Amendment bars retaliation for protected speech. *See Crawford-El v. Britton*, 523 U.S. 574, 592 (1998); *Milhouse v. Carlson*, 652 F.2d 371, 373-74 (3d Cir. 1981). Proof of a retaliation claim requires Plaintiff to demonstrate that: (1) she engaged in protected activity; (2) she was subjected to adverse actions by a state actor; and (3) the protected activity was a substantial motivating factor in the state actor's decision to take adverse action. *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002) (citing *Mt. Healthy Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Allah v. Seiverling*, 229 F.3d 220 (3d Cir. 2000) (a factfinder could conclude that retaliatory placement in administrative confinement would "deter a person of ordinary firmness from exercising his First Amendment rights" (citations omitted)).

As pleaded, the Amended Complaint does not contain the necessary elements to state a retaliation claim against Howard. Most notably, there are no allegations that Plaintiff engaged in protected activity prior to the time Howard issued the disciplinary report. Rather, Plaintiff's protected activity in submitting a grievance occurred after Howard issued the report. In addition,

the Amended Complaint does not state a retaliation claim against Doe. Instead, the Amended Complaint alleges in a conclusory manner that Doe acted in a retaliatory manner when instructing that a sexual misconduct violation be added to the disciplinary report prepared by Evans.

As previously discussed, Plaintiff has adequately stated a retaliation claim against Evans. Therefore, Plaintiff will be allowed to proceed against Evans. The Court will dismiss the retaliation claims against Howard and Doe as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 1915A(b)(1).

### D. Due Process – Disciplinary Hearings

Plaintiff complains that she was not afforded due process at the disciplinary hearings presided over by Stevenson. Plaintiff alleges that Stevenson did not hold the April 9, 2019 disciplinary hearing in a timely manner, he was biased, he did not allow the presentation of evidence, and he did not allow Plaintiff to have a mental health advocate present. The allegations indicate that Plaintiff was sanctioned with loss of all privileges for five days when she was found guilty by Stevenson on April 9, 2019. The Amended Complaint does not reference any sanctions imposed by Stevenson at the second disciplinary hearing. Nor does it indicate if Plaintiff remains housed in administrative segregation.

In *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly

hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71; *Griffin v. Spratt*, 969 F.2d 16, 19-20 (3d Cir. 1992).

To be entitled to procedural due process protections as set forth in *Wolff*, however, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557-558. The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997) (quoting *Sandin*, 515 U.S. at 484).

In deciding whether a protected liberty interest exists under *Sandin,* a federal court must consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions. *Mitchell v. Horn*, 318 F.3d 523, 532 (3d Cir. 2003) (citing *Shoats v. Horn*, 213 F.3d 140, 144 (3d Cir. 2000)). The Amended Complaint is void of allegations that Plaintiff was sanctioned in such a manner or confined for a length of time rising to the level of an atypical and significant hardship sufficient to trigger a liberty interest under *Sandin*. *See Young v. Beard*, 227 F. App'x 138 (3d Cir. 2007).

According to the allegations, Plaintiff was sanctioned to a loss of all privileges for five days. The Amended Complaint makes no reference to the length of time Plaintiff spent in administrative segregation. Based upon the pleadings, however, at the time the Amended Complaint was filed Plaintiff had spent less than three months (from April 28, 2019 when she received the disciplinary charge to July 8, 2019 when she filed the Amended Complaint) in administrative segregation – an amount of time that does not implicate a protected liberty interest.

*See Alford v. Laquise*, 604 F. App'x 93 (3d Cir. 2015) (inmate's sentence of 90 days of disciplinary detention did not implicate protected liberty interest); *Griffin v. Vaughan*, 112 F.3d 703, 708 (3d Cir. 1997) (holding that "exposure to the conditions of administrative custody for periods as long as 15 months falls within the expected parameters of the sentence imposed [. . .] by a court of law" and does not constitute a due process violation (quotation omitted)).

Based upon the foregoing, Plaintiff lacks the requisite liberty interest to implicate a due process violation. As Plaintiff has not articulated a protected liberty interest with respect to her discipline, confinement, and loss of privileges, her due process claims against Stevenson will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**E.     ADA**

The Amended Complaint invokes the ADA. To state a claim under Title II of the ADA, Plaintiff must allege that "(1) [s]he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of h[er] disability." *Kokinda v. Pennsylvania Dep't of Corr.*, No. 17-3166, 2019 WL 2576391, at *4 (3d Cir. June 24, 2019) (quoting *Haberle v. Troxell*, 885 F.3d 170, 178 (3d Cir. 2018)).

While the Amended Complaint alleges that Plaintiff has a disability (*i.e.*, gender dysphoria)[3] there are no allegations that Plaintiff was excluded from a DOC program or service because of a disability. The ADA is deficiently pleaded and will be dismissed as frivolous.

---

[3]     Among the courts who have discussed the issue, there is significant disagreement whether gender dysphoria falls into the ADA's categorical exclusions. *See Parker v. Strawser Constr., Inc.*, 307 F. Supp. 3d 744, 753-54 (S.D. Ohio 2018) (gender dysphoria not resulting from physical impairment is within the ADA's exclusionary language); *Michaels v. Akal Sec., Inc.*, No. 09-CV-01300-ZLW-CBS, 2010 WL 2573988, at *6 (D. Colo. June 24, 2010) (gender dysphoria is a gender identity disorder and therefore excluded); *Blatt v. Cabela's Retail, Inc.*, No. 5:14-CV-04822, 2017 WL 2178123, at *3 (E.D. Pa. May 18,

## V. CONCLUSION

For the above reasons, with the exception of the retaliation claim raised against Evans, the Court will dismiss all Defendants and all claims raised against them in the Complaint and the Amended Complaint as legally frivolous pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

An appropriate Order will be entered.

---

2017) (gender dysphoria resulting in substantial limits on major life activities falls outside the ADA's exclusionary language); *Doe v. Massachusetts Dep't of Corr.*, No. CV 17-12255-RGS, 2018 WL 2994403, at *6 (D. Mass. June 14, 2018) (drawing a distinction between gender identity disorder and gender dysphoria and suggesting that there may be a physical etiology underlying gender dysphoria sufficient to take it out of "not resulting from physical impairments" category).