IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAMILLA DENISE LONDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-559 (MN) |
| | ) | |
| OFFICER BRETT EVANS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Kamilla Denise London, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

George Thomas Lees, III, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendant.

August 17, 2020
Wilmington, Delaware

**NOREIKA, U.S. District Judge:**

Plaintiff Kamilla Denise London ("Plaintiff"), who appears *pro se* and was granted permission to proceed *in forma pauperis*, is an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware. She filed this lawsuit pursuant to 42 U.S.C. § 1983.[1] (D.I. 2). The operative pleading consists of the original Complaint and the Amended Complaint. (*See* D.I. 2, 18, 23 ¶ 1). Before the Court is Defendant Officer Brett Evans' motion to dismiss and/or to conduct an evidentiary hearing on the issue of exhaustion and Plaintiff's opposition. (D.I. 24, 25, 26).

## I. BACKGROUND

The only claim that remains is a retaliation claim against Defendant Correctional Officer Brett Evans ("Defendant"). All other defendants and claims have been dismissed. (D.I. 23). Plaintiff alleges that she was subjected to retaliation when Defendant issued her a disciplinary report for a Class 2 infraction on March 18, 2019, after she had submitted a grievance on March 2, 2019, No. 440371[2] complaining of acts by Defendant and voicing her concern that he might retaliate against her. (D.I. 18 at 26, 28). Plaintiff received the disciplinary report on March 18, 2019, and that same day, she submitted Grievance No. 442329 complaining of Defendant's retaliatory conduct in issuing the disciplinary report. (*Id.*). Grievance No. 442329

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him or her of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The grievances submitted by Plaintiff contain two grievance numbers, one appears to be computer generated and the other is handwritten. For example, the grievance submitted on March 2, 2019 has a computer generated number of 040375333 and a handwritten number of 440371, and the March 18, 2019 grievance has a computer generated number of 042159683 and a handwritten number 442329. (*See* D.I. 18 at 26-28). Based upon other exhibits, the handwritten number appears to be the formal grievance number and those are the grievance numbers to which the Court will refer.

was received by the grievance office on March 19, 2019. (*Id.*). A handwritten response on Grievance No. 442329 states, "a copy of this grievance will be sent by DACS to Unit Commander Captain Burton at this time . . . ." (*Id.*). Plaintiff commenced this action on March 25, 2019. (D.I. 2).

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for an evidentiary hearing on the issue of exhaustion of administrative remedies. (D.I. 27, 28). Plaintiff opposes.

## II. LEGAL STANDARD

Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When presented with a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), district courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the Court separates the factual and legal elements of a claim, accepting "all of the complaint's well-pleaded facts as true, but [disregarding] any legal conclusions." *Id.* at 210-11. Second, the Court determines "whether the facts alleged in the complaint are sufficient to show . . . a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Dismissal under Rule 12(b)(6) is appropriate if a complaint does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see*

*also Fowler*, 578 F.3d at 210. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court is not obligated to accept as true "bald assertions" or "unsupported conclusions and unwarranted inferences." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997). Instead, "[t]he complaint must state enough facts to raise a reasonable expectation that discovery will reveal evidence of [each] necessary element" of a plaintiff's claim. *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) (internal quotation marks omitted). In addition, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## III. <u>DISCUSSION</u>

Defendant argues dismissal is appropriate because Plaintiff failed to exhaust her administrative remedies prior to commencing this action. Defendant refers to the operative pleadings and allegations that provide occurrence dates of February 17, 2019 through March 23, 2019, and the March 25, 2019 filing date of the Complaint, the alleged acts of retaliation occurring on March 18, 2019, and paragraph 108 of the Amended Complaint that states, "Please see related documents attached." (D.I. 24).

Relevant exhibits attached to the Amended Complaint include: Plaintiff's Grievance No. 440371 submitted March 2, 2019 expressing her concern of Defendant "possibly retaliating against" her; a March 18, 2019 disciplinary report issued by Defendant, hearing decision, and Plaintiff's successful appeal; Plaintiff's Grievance No. 442329 submitted March 18, 2019, seeking

an investigation into retaliation by Defendant after Plaintiff received the disciplinary report; and a March 20, 2019 letter from Plaintiff to Bureau Chief Shane Troxler and Commissioner Perry Phelps complaining that Defendant had filed disciplinary charges against her in retaliation for her previous grievance. (D.I. 18 at 23-28).

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). The PLRA requires only "proper exhaustion," meaning exhaustion of those administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199 (2007). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Exhaustion applies, however, only when administrative remedies are "available." *See Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850 (2016). Administrative remedies are not available when the procedure "operates as a simple dead end--with officers unable or consistently unwilling to provide any relief to aggrieved inmates," where it is "so opaque that it becomes, practically speaking, incapable of use," or "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. "Just as inmates must properly exhaust administrative remedies per the prison's grievance

procedures, prison officials must strictly comply with their own policies." *Downey v. Pennsylvania Dep't of Corr.*, __ F.3d __, 2020 WL 4432605, at *3 (3d Cir. Aug. 3, 2020) (citing *Shifflett v. Korszniak*, 934 F.3d 356, 367 (3d Cir. 2019) ("[W]e hold that [the PLRA] requires strict compliance by prison officials with their own policies."). "But '[w]hen an administrative process is susceptible [to] multiple reasonable interpretations, . . . the inmate should err on the side of exhaustion.'" *Id.* (quoting *Ross*, 136 S. Ct. at 1859).

Defendant refers to Paragraph 108 of the Amended Complaint as a judicial admission that Plaintiff did not exhaust her administrative remedies prior to filing suit. The Court does not construe the statement, "Please see related documents attached" as a judicial admission. The statement merely refers to Plaintiff's attachments. Defendant correctly notes, however, that Grievance No. 440371 was anticipatory in nature, submitted before any alleged retaliation had occurred, and that Plaintiff's opposition does not state that she exhausted her administrative remedies prior to filing suit, only that she "began the process to exhaust." (D.I. 26).

Defendant further argues that Plaintiff's March 20, 2019 letter to the Bureau Chief and Commissioner did not comply with the requisites of the Inmate Grievance Policy No. 4.4 ("Policy 4.4") and, moreover, is dated a mere five days prior to the time Plaintiff filed suit. Policy 4.4 procedures give the Warden ten calendar days within receipt of a complaint of alleged retaliatory action to investigate and respond in writing to the inmate. (D.I. 24-1 at 4; Policy 4.4 ¶ VI. 7). The Court agrees that prison officials did not have ample time to respond or investigate Plaintiff's grievance before she commenced this action.

In her opposition, Plaintiff states that she began the process to exhaust her administrative remedies by submitting Grievance No. 440371, but after that there were several incidents of retaliation in response to her efforts to exhaust, that Defendant continued to retaliate against her

by threatening to take further disciplinary action against her, and that he threatened to fire her from her inmate job. (D.I. 25). Plaintiff contends that the alleged conduct made the grievance remedy unavailable to her, and that she felt intimated by Defendant's attempt to thwart her efforts to pursue the grievance against him. In the alternative, she asks the Court to dismiss the case without prejudice to refile because exhaustion is now complete.

In response to Plaintiff's opposition, Defendant filed additional documents referred to by Plaintiff including, Grievance No. 440371 that show it was returned as unprocessed and referred to Captain Bruce Burton for investigation who was to report the results of his investigation to JTVCC senior staff. (D.I. 26-1 at 2-8). Although Grievance No. 440371 may be relevant to the issue of whether retaliation occurred because Plaintiff submitted it, Grievance No. 440371 is not relevant to the issue of whether Plaintiff exhausted her administrative remedies as to the alleged March 18, 2019 retaliation because it is clear that Grievance No. 440371 was submitted in anticipation of retaliation, not because retaliation had occurred. At issue is whether administrative remedies were available to Plaintiff following the alleged retaliation and whether she exhausted her administrative remedies as to Grievance No. 442329, the grievance that complains that retaliation occurred on March 18, 2019, when Plaintiff received the disciplinary report from Defendant.

Although a prisoner must exhaust "available" administrative remedies to sue in court, administrative remedies are "unavailable" when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Rinaldi v. United States*, 904 F.3d 257, 266-67 (3d Cir. 2018). To show a prison official's threats thwarted inmates from the grievance process, the plaintiff must show "(1) that the [prison official's] threat was sufficiently serious that it would deter a reasonable inmate of ordinary

firmness and fortitude from lodging a grievance and (2) that the threat actually did deter this particular inmate." *Id.* at 268.

Although Plaintiff argues that Defendant's alleged continued retaliation and threats thwarted her from exhausting her administrative remedies, exhibits attached to the Amended Complaint indicate otherwise. After Defendant issued Plaintiff the disciplinary report on March 18, 2019, Plaintiff was not deterred. That very day she submitted Grievance, No. 442329 and complained of Defendant's alleged retaliatory conduct. Two days later she wrote to the Bureau Chief and the Commissioner complaining of retaliation. Plaintiff's conduct belies her claim that she was thwarted in her effort to exhaust administrative remedies or that administrative remedies were unavailable to her.

Finally, Plaintiff's position that she "began the process" to exhaust her administrative remedies process prior to filing suit does not suffice to excuse her failure to exhaust. "If exhaustion is not complete at the time of filing, dismissal is mandatory." *See Victor v. Lawler*, 565 F. App'x 126, 129 (3d Cir. 2014); *see also Wallace v. Miller*, 544 F. App'x 40, 42 (3d Cir. 2013) ("Any efforts that [plaintiff] has made to exhaust his administrative remedies after August 15, 2011, the date he filed his complaint, are not relevant."); *Nifas v. Beard*, 374 F. App'x 241, 245 (3d Cir. 2010) ("[B]ecause exhaustion was not completed by the commencement date of the lawsuit, the Magistrate Judge properly granted summary judgment and dismissed the . . . claims for failure to comply with 42 U.S.C. § 1997e(a)."); *Banks v. Roberts*, 251 F. App'x 774, 776 (3d Cir. 2007) ("A prisoner may not satisfy the PLRA's exhaustion requirement by exhausting administrative remedies after initiating suit in federal court."); *Oriakhi v. United States*, 165 F. App'x 991, 993 (3d Cir. 2006) (per curiam) ("Indeed, there appears to be unanimous circuit court

consensus that a prisoner may not fulfill the PLRA's exhaustion requirement by exhausting administrative remedies after the filing of the complaint in federal court.").

Plaintiff "began the process" but had not exhausted her administrative remedies prior to filing suit as required under the PLRA. Therefore, the Court will grant Defendant's motion to dismiss and will dismiss the action without prejudice to the filing of a new action once administrative remedies are exhausted.

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant Defendant's motion to dismiss (D.I. 24); and (2) dismiss the case without prejudice.

An appropriate order will be entered.